

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

August 31, 1950

Hon. G. F. Williams
Firemen's Pension Commissioner
702 Tribune Building
Austin, Texas

Opinion No. V-1101

Re: Legality of counting
years during which a
fireman drew disability
compensation as years
of continuous active
service toward retire-
ment.

Dear Sir:

Your request for an opinion from this office reads, in part, as follows:

"We desire the opinion of your office regarding the legality of a local Pension Board in a certain City granting a Certificate of Eligibility to a Fireman which requires twenty years of active service and 55 years of age.

"The Fireman in question entered the Fire Department in 1929, retired on disability in 1943, drew disability compensation through 1944-45-46 and a part of 1947, then returned to active service on regular Fire Department pay and is now requesting a Certificate of Eligibility for twenty years of service and 55 years of age. It would be necessary that he count these years that he has been drawing disability compensation as continuous service to be eligible for the certificate.

"The question is - Would this man be permitted to count 1943 through a part of 1947 as continuous active service? "

Article 6243e, V.C.S., contains the provisions of the Firemen's Relief Pension Fund. Section 6 of this article establishes the requirements which must be met before a fireman qualifies to receive the monthly age and service retirement pension. Section 6 reads, in part, as follows:

"Any person who has been duly appointed and enrolled and who has attained the age of fifty-five (55) years, and who has <u>served actively</u> for a

period of twenty (20) years in one or more
regularly organized Fire Departments . . .
shall be entitled to be retired . . ."(Emphasis
added)

Section 21 of Article 6243e, V.C.S., contains the
standards for computing the length of service required for re-
tirement. This section reads, in part, as follows:

"In computing the time or period for re-
tirement for length of service as herein pro-
vided, less than one year out of service or any
time served in the armed forces of the Nation
during war or National emergency shall be con-
strued as continuous service, but if out more
than one year and less than five (5) years, credit
shall be given for prior service, but deduction
made for the length of time out of service . . ."

The wording of the statute is clear. Any time spent
in the armed forces is considered continuous service, but this
is the only absence for over a year that is considered continuous
service. All other absences for over a year, including disability
absences, since they are not excepted, shall be deducted as "time
out of service."

Section 7 of Article 6243e specifically covers retire-
ment for disability. After covering in detail the methods of quali-
fying for disability pay, the section then reads as follows:

" . . . provided further, that if and when such
disability shall cease, such retirement or disability
allowance shall be discontinued and such person
shall be restored to active service at not less than
the same salary he received at the time of his re-
tirement for disability." (Emphasis added)

It is an accepted rule of statutory construction that a
statute is passed as a whole and not in parts or sections. Conse-
quently, each part or section should be construed in connection
with every other part so as to produce a harmonious whole. 2
Sutherland on Statutory Construction (3rd Ed. 1943) 336. Applying
this rule of construction to a reading of Section 7 on disability
pensions, and Section 6 on age and service pensions, as parts of
Article 6243e on the Firemen's Relief Pension Fund, it is apparent
that the Legislature meant to distinguish between these two types
of pensions. The fact that Section 7 on disability pensions spe-
cifically requires restoration to active service following the disability

indicates that the time spent receiving disability pension pay is not considered active service as required in Section 6.

In the case of State ex rel King v. Board of Trustees of Firemen's Pension Fund of Kansas City, 192 Mo. App. 583, 184 S.W. 929 (1916), involving a construction of the word "service" as used in a city firemen's retirement program, the court held that service meant "the act of serving, the labor performed or duties required of a fireman."

Furthermore, Section 26 of Article 6243e defines "active firemen" or "active members" as "all paid firemen who receive regular salaries as firemen and such partly paid or volunteer firemen as in each calendar year answer at least twenty-five (25) per cent of all fire alarms and at least forty (40) per cent of all drill or practice calls."

From the facts submitted, it does not appear that the applicant herein would come within either of the active categories specified above during the years when he received the disability pension. We agree with your conclusion in this respect, and your question is accordingly answered in the negative.

## SUMMARY

Years during which a fireman drew disability compensation should not be considered years of active service for the purpose of qualifying for firemen's age and service monthly retirement pension.

Yours very truly,

APPROVED:

Willis E. Gresham
Antitrust Division

Everett Hutchinson
Executive Assistant

Charles D. Mathews
First Assistant

PRICE DANIEL
Attorney General

By Jack Butler
Jack Butler
Assistant

JB:v